**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTHUR IKEBUDU, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | 16-cv-3634 |
| | ) | |
| MICHAEL ROBERT ENTERPRISES, | ) | |
| INC., doing business as | ) | |
| CHICAGO NORTHSIDE TOYOTA; | ) | |
| EXETER FINANCE CORP.; and | ) | |
| AIRLINE TOWING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      Plaintiff, Dr. Arthur Ikebudu, seeks redress against defendants Michael Roberts

Enterprises, Inc., d/b/a Chicago Northside Toyota ("MRE"), Exeter Finance Corp. ("Exeter"),

and Airline Towing, Inc. ("ATI"), for improper conduct in connection with the sale and

repossession of a car.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. §1692k and 28 U.S.C. 1331, 1337

and 1367.

3.      Venue and personal jurisdiction are proper because all defendants are located or

transact business in Illinois and all of the events at issue occurred here.

## PARTIES

4.      Plaintiff, Dr. Arthur Ikebudu, is a Nigerian national who attends graduate school

in Chicago, Illinois.  He is present in the United States under an I-94 (student) admission, which

entitles him to attend school and engage in financial transactions incident to his presence here, such as the purchase of a vehicle.

5. Defendant MRE is an Illinois corporation that operates a Toyota dealership at 5625 N. Broadway, Chicago, Illinois. Its registered agent and office is Burkelaw Agents Inc., 330 North Wabash Ave., 22d floor, Chicago, IL 60611.

6. Defendant Exeter is a sales finance agency, engaged in the business of purchasing retail installment contracts from car dealers. It is a Texas corporation with its principal place of business at 222 W. Las Colinas Blvd., Irving, TX 75039. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703.

7. Defendant ATI is a repossession company. It is an Illinois corporation. Its registered agent and office is Lonnie Bramlett, 12658 S. Winchester, Calumet Park, Illinois 60827.

## FACTS

8. On July 29, 2015, Dr. Ikebudu visited MRE and purchased a used 2012 Toyota on time.

9. In connection with the transaction, Dr. Ikebudu paid $4,000 down and executed a retail installment contract.

10. Attached as Exhibit A is the retail installment contract.

11. While Dr. Ikebudu was at MRE, he showed them his then-current I-94 authorization. It has a unique identifying number. He also showed them his Illinois drivers license.

2

12.    The MRE representatives took Dr. Ikebudu's information orally and entered it into a computer for purposes of obtaining approval of his credit.

13.    Dr. Ikebudu later learned that the MRE representative entered the number on the I-94 authorization in the space in the computerized form normally used for a Social Security number for a United States citizen or a Taxpayer Identification Number for a United States entity.

14.    Dr. Ikebudu was not aware of this at the time, and would not have thought it was inappropriate if he had.  Dr. Ikebudu made his situation known to MRE and trusted them to properly document and process his transaction.

15.    Vehicles are on occasion sold to foreign nationals or corporate entities and dealers such as MRE are expected to be able to properly handle and document such transactions. Certainly, MRE should not have undertaken to handle a transaction if it did not know how to document it.

16.    MRE assigned the retail installment contract to Exeter.

17.    Dr. Ikebudu made his first six payments, on time or within the grace period, for September 2015 through February 2016.

18.    On March 9, 2016, prior to the due date of the March 2016 payment, and when no default existed, Dr. Ikebudu discovered the car missing.

19.    Exeter had ATI repossess the car.

20.    Dr. Ikebudu inquired why, directly and through MRE.

21.    Dr. Ikebudu was informed that Exeter had the car repossessed because the Social Security number Exeter had was phony.

22. Puzzled – since he had did not have a Social Security number and had not furnished a Social Security number to anyone in connection with the purchase – Dr. Ikebudu visited MRE and thereby learned, for the first time, that the "Social Security number" Exeter had was actually the first nine digits of his I-94 authorization number, which MRE had provided to Exeter.

23. On information and belief, either MRE failed to properly communicate to Exeter what the number was or Exeter failed to properly record what it was.

24. On information and belief, Exeter made no effort to determine what the number was by communicating with either MRE or plaintiff after determining it was not a Social Security number.

25. Defendants have refused to return Dr. Ikebudu's car.

26. Defendants have not returned Dr. Ikebudu's down payment or the six monthly payments he made.

27. None of the defendants furnished Dr. Ikebudu with the notice of the proposed sale of the collateral, required by 810 ILCS 5/9-611 ("Notification before disposition of collateral"), 5/9–612 ("Timeliness of Notification Before Disposition of Collateral"), 5/9–613 ("Contents and Form of Notification Before Disposition of Collateral: General"), 5/9–614 ("Contents and Form of Notification Before Disposition of Collateral: Consumer-Goods Transaction").

28. None of the defendants furnished Dr. Ikebudu with the required notice of the results of the sale after it is conducted. 5/9–616 ("Explanation of Calculation of Surplus or Deficiency").

29.     Dr. Ikebudu incurred expenses for alternate transportation after his car was repossessed.

30.     Under the terms of Exhibit A, Exeter is liable for any claim or defense which plaintiff has against MRE.

## COUNT I – BREACH OF CONTRACT

31.     Plaintiff incorporates paragraphs 1-30.

32.     This claim is against MRE and Exeter.

33.     Exeter breached the retail installment contract by repossessing the car without cause.

34.     MRE breached its obligation of good faith and fair dealing by failing to inform Exeter what the "Social Security number" was and to properly document the transaction so that Plaintiff's quiet enjoyment of the vehicle would not be disturbed.

35.     Dr. Ikebudu was damaged in the amount of his down payment of $4,000, six monthly payments of $440.59 each, and expenses caused by the deprivation of his vehicle.

36.     Dr. Ikebudu is entitled to attorney's fees under the Motor Vehicle Retail Installment Sales Act,  815 ILCS 375/11, because Exhibit A provides for attorney's fees.

WHEREFORE, plaintiff is entitled to an award of:

a.      Suitable compensatory damages;

b.      Cancellation of the contract evidenced by Exhibit A;

c.      Attorney's fees, litigation expenses and costs of suit; and

d.      Such other or further relief as is proper.

## COUNT II – UNIFORM COMMERCIAL CODE

37.     Plaintiff incorporates paragraphs 1-30.

38.     This claim is against Exeter.

39.     Exeter wrongfully repossessed plaintiff's car.

40.     Exeter wrongfully failed to provide required post-repossession notices to

plaintiff.

41.     Statutory damages are provided for by 810 ILCS 5/9-625, "Remedies

for secured party's failure to comply with Article," which provides:

> **. . . (c) Persons entitled to recover damages; statutory damages if collateral is consumer goods. Except as otherwise provided in Section 9-628:**
>
>> **(1) a person that, at the time of the failure, was a debtor, was an obligor, or held a security interest in or other lien on the collateral may recover in an individual action damages under subsection (b) for its loss; and**
>>
>> **(2) if the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this Part may recover in an individual action for that failure in any event an amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price.**
>
> **(d) Recovery when deficiency eliminated or reduced. A debtor whose deficiency is eliminated under Section 9-626 may recover damages for the loss of any surplus. However, a debtor or secondary obligor whose deficiency is eliminated or reduced under Section 9-626 may not otherwise recover under subsection (b) for noncompliance with the provisions of this Part relating to collection, enforcement, disposition, or acceptance. . . .**

42.     In the present case, the finance charge (credit service charge) is $11,755.61 and

the amount financed (principal amount of the obligation) is $19,966.87.  Ten percent of the

amount financed  is $1,996.69.   The statutory damages are therefore $13,752.30.

43.     Dr. Ikebudu is entitled to attorney's fees under the Motor Vehicle Retail Installment Sales Act,  815 ILCS 375/11, because <u>Exhibit A</u> provides for attorney's fees.

WHEREFORE, plaintiff is entitled to an award of:

    a.     $13,752.30;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as is proper.

## COUNT III – CONVERSION

44.     Plaintiff incorporates paragraphs 1-30.

45.     This claim is against Exeter and ATI.

46.     Defendants converted plaintiff's car by wrongfully repossessed plaintiff's car and in the case of Exeter by wrongfully failing to provide required post-repossession notices to plaintiff.

47.     Money and other personal property in the car at the time of repossession was not returned to plaintiff (other property was returned).

48.     The conduct of defendants was willful and malicious.

WHEREFORE, plaintiff is entitled to an award of:

    a.     Compensatory and punitive damages;

    b.     Costs of suit; and

    c.     Such other or further relief as is proper.

## COUNT IV – FAIR DEBT COLLECTION PRACTICES ACT

49.     Plaintiff incorporates paragraphs 1-30.

50.     This claim is against ATI.

51.    ATI is a "debt collector" under the Fair Debt Collection Practices Act for certain purposes because its principal business is the enforcement of security interests in automobile collateral and it uses the mails and telephone system in conducting such business.

52.    15 U.S.C. §1692a provides that "For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."

53.    15 U.S.C. §1692f(6) defines as a violation of the FDCPA "Taking . . . any nonjudicial action to effect dispossession or disablement of property if– (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest".

54.    ATI violated the FDCPA by repossessing plaintiff's car when Exeter had no right to do so.

WHEREFORE, plaintiff is entitled to an award of:

a.    $1,000 statutory damages (15 U.S.C. §1692k);

b.    Actual damages;

c.    Attorney's fees, litigation expenses and costs of suit (15 U.S.C. 1692k);

d.    Such other or further relief as is proper.

## COUNT V  – ILLINOIS CONSUMER FRAUD ACT

55.    Plaintiff incorporates paragraphs 1-30.

56.    This claim is against all defendants.

57.    Defendants engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, in the following respects:

a.    MRE documented the sale of a car to plaintiff improperly and in such a

manner that his quiet enjoyment of the car was disturbed, without

disclosing such material fact to plaintiff;

b. Exeter and ATI repossessed the car without cause and without bothering

to inquire as to the facts concerning the "Social Security number";

c. ATI failed to return plaintiff's personal property;

d. MRE failed to return plaintiff's down payment;

e. Exeter failed to return plaintiff's payments.

58. Defendants' conduct was oppressive and contrary to the public policy of Illinois

and the United States.

WHEREFORE, plaintiff is entitled to an award of:

a. Compensatory and punitive damages;

b. Attorney's fees (under 815 ILCS 505/10a and 815 ILCS 375/11) and costs

of suit; and

c. Such other or further relief as is proper.


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Sarah M. Barnes
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

11